**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 97-20725
Summary Calendar

_____

FRANK ATUAHENE,

Plaintiff-Appellant,

VERSUS

ARCHER, WALDNER & VICKERY, L.L.P. and
LAURIE PLEASANT, Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-3989)

_____

December 29, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

In this appeal, Atuahene challenges the district court's dismissal on summary judgment of his legal malpractice action against former counsel. Atuahene engaged the appellee law firm to represent him in pursuing a medical malpractice claim against a dentist. In the underlying malpractice action, counsel filed suit and conducted discovery. Atuahene's action against the dentist was settled for $25,000 and Atuahene consented to the settlement and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accepted his share of the settlement funds.   Summary judgment evidence also established that at the time Atuahene approved the settlement he was aware of the allegedly negligent acts of his attorney.

Under these circumstances, we agree with the district court's conclusion that under Texas law where a plaintiff agrees to a settlement with the knowledge of the allegedly negligent acts of his lawyer, the decision to settle severs the causal link between the lawyer's conduct and the settlement terms.   See Campbell v. Wiltshire, 1996 WL 400110 (Tex. App.-Houston [14th Dist.] July 18, 1996, writ denied).

Appellant raises a number of new issues for the first time on appeal, which we decline to consider.

Because the district court correctly granted summary judgment, its judgment is affirmed.

AFFIRMED.